Green, J.
delivered the opinion of the court.
In this' case, after the jury were sworn, the defendant in error, who was the plaintiff below, made affidavit that the wife of William Crain, who was plaintiff’s security for the prosecution of the suit, was a material witness for him, and that owing to his poverty he was not able to give other security. Upon this affidavit a motion was made to release the security, Wm. Crain, which was done. Rachael Crain, the wife of *517 Said security, was then offered as a witness for the plaintiff, to whose competency the defendants objected, but the court overruled the objection and permitted the witness to be examined. The jury rendered a'verdict for the plaintiff, whereupon the defendants moved for a new trial which was. refused, and judgment was rendered for the plaintiff, from which this appeal is prosecuted. We have no doubt the court erred iti releasing the surety and permitting his wife to be examined ás a witness. Costs had already been incurred for which the security was liable upon his bond if the plaintiff should fail in the suit. The court certainly had no power to release him from that obligation without substituting others, and leave' the defendant and officers of the court without indemnity.
This is not the description of case in which a party is permitted to prosecute á suit as a pauper, without giving security. Here he had actually given the security required by law; and he asked to have that security released and that he should be excused from giving other security, on the grounds that he was poor and unable to do so. If this were tolerated, it is easy to see that whenever the plaintiff finds the case is likely to be decided against him, he has nothing to do but to make affidavit that he wants his security for a witness and that he is unable to give other security, and he gets him released “from all responsibility.” If he is once released, it makes no difference whether he be examined then or not, he eannot be bound again. Such a procedure is contrary to principle and is unsupported by the practice of the country. It is unnecessary for the court to decide whether a security can be released in any case, even where sufficient additional security is taken, and be a competent witness. It is not easy to see how his obligation or his bond for the costs that have already accrued can be discharged by the order of the court releasing him. *
Reverse the judgment and remand the cause to the court from whence it came for another trial to be had therein.
Judgment reversed.

The court subsequently decided, in the case of Craighead vs. The Bank of the State of Tennessee, that the courts had the power to release or dis-' charge a security for the costs, when it was necessary to examine him as ¿ witness,-provided other good security for the costs were given.—Reporter.